JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
WUm@JassyVick.com
ELIZABETH H. BALDRIDGE (State Bar No. 313390)
EBaldridge@JassyVick.com
800 Wilshire Blvd., Suite 800
Los Angeles, CA  90017
Telephone:   310-870-7048
Facsimile:   310-870-7010

Attorneys for Plaintiff
AKN HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKN HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN E&S INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF**<br><br>**(2) BREACH OF CONTRACT**<br><br>**(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AKN Holdings, LLC, formerly known as OpenGate Capital, LLC ("AKN Holdings"), files this Complaint against Great American E&S Insurance Company ("GAIC"), alleging as follows:

1.      This lawsuit arises out of GAIC's failure to honor its contractual obligation to defend AKN Holdings under a liability insurance policy in connection with an underlying lawsuit in California, which alleges misrepresentation and concealment causes of action against AKN Holdings.  AKN Holdings brings claims for declaratory relief and breach of contract pertaining to GAIC's failure to defend AKN Holdings and to reimburse incurred defense costs, and resulting damages. AKN Holdings also seeks to recover for damages based on GAIC's tortious breach of the implied covenant of good faith and fair dealing.

## The Parties, Jurisdiction, And Venue

2.      Plaintiff AKN Holdings is a California limited liability company with its principal place of business located in Los Angeles, California.

3.      Defendant GAIC is a corporation organized under the laws of Ohio with its principal place of business in Cincinnati, Ohio.

4.      No member of AKN Holdings is a citizen of Ohio.

5.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this District under 28 U.S.C. § 1391(c)(2) and (d) in that GAIC is subject to personal jurisdiction because it regularly transacts business in California.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because the contract of insurance that is the subject of this action was entered into and was to be performed within this District, and the underlying events giving rise to AKN Holdings' claim for insurance coverage occurred within this District.

**The GAIC Policy**

7.      GAIC sold a Private Equity Liability Insurance Policy, covering the period from June 25, 2016 to June 25, 2017, GAIC Policy No. PEP2788708 (the "GAIC Policy") to OpenGate Capital Management, LLC, which is majority owned by AKN Holdings.  The GAIC Policy provides coverage for claims brought against the Insureds under the GAIC Policy, which includes AKN Holdings, during the policy period.  The GAIC Policy provides a Limit of Liability of $5,000,000 subject to a $250,000 retention for claims brought against the Insureds.  Attached hereto as Exhibit A is a true and correct copy of GAIC Policy No. PEP2788708.

8.      Insuring Agreement B(2) of the GAIC Policy provides that GAIC "will pay on behalf of the **Insured Organization**: . . . (2) **Loss** which the **Insured Organization** becomes legally obligated to pay as a result of a **Claim** first made against the **Insured Organization**; provided that such **Claim** is first made during the **Policy Period** or **Discovery Period**, if applicable, for a **Wrongful Act**."  All terms in **Bold** are defined terms under the GAIC Policy.

9.      "**Wrongful Act**" means "any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty, or any actual or alleged error or omission in the rendering of or the failure to render **Professional Services**" by the **Insured Organization**.  "**Loss**" is defined to include, "compensatory damages, punitive or exemplary damages, . . . settlements, pre-judgment interest, post-judgment interest and **Costs of Defense**."  "**Costs of Defense**" means "reasonable and necessary legal fees, costs and expenses incurred in the investigation, defense or appeal of any **Claim** including the costs of an appeal bond . . . ."

10.     The GAIC Policy contains an exclusion, Exclusion J, which states that GAIC "shall not be liable to make any payment for **Loss** in connection with any **Claim** made" "solely with respect to the **Insured Organization**, for, based upon, arising from, or in any way related to any actual or alleged breach of a written

contract or agreement; provided, however, this exclusion shall not apply to: (1) liability for **Loss** which would have attached even in the absence of such contract or agreement; . . . ."

11.     All premiums due on the GAIC Policy have been paid in full.  Also, all pertinent terms of and conditions precedent to the GAIC Policy have been satisfied.

### Misrepresentation Allegations Against AKN Holdings

12.     On or about June 12, 2017, Finsa Portafolios, S.A. de C.V. and FINSA CKD M Fideicomiso CIB/2017 (collectively "FINSA") filed a complaint against AKN Holdings, alleging various causes of action involving alleged misrepresentations and concealment as part of AKN Holdings' business practices.

13.     Specifically, AKN Holdings was named as a defendant in a complaint filed in in the United States District Court for the Central District of California, *Finsa Portafolios, et al. v. OpenGate Capital, LLC, et al.*, Case No. 2:17-cv-04360 (the "*FINSA* Lawsuit").  The original *FINSA* Lawsuit complaint alleged six causes of action: (1) Fraudulent Representations, (2) Fraudulent Concealment, (3) Promissory Fraud, (4) Constructive Fraud, (5) Breach of Contract (Lease Agreement), and (6) Breach of Contract (Guaranty of Lease).

14.     Although AKN Holdings was able to dismiss the FINSA plaintiffs' original complaint, after an interlocutory challenge to the Ninth Circuit Court of Appeals in 2019, on or about May 18, 2020, the FINSA plaintiffs filed a First Amended Complaint, which dropped several causes of action and alleged the following two causes of action: (1) Fraudulent Representations, and (2) Fraudulent Concealment.

15.     The plaintiffs in the *FINSA* Lawsuit allege that the Insureds are responsible for misrepresentation and concealment in their business practices, which caused harm to the plaintiffs.  AKN Holdings denies all allegations in the *FINSA* Lawsuit.

16.     The *FINSA* Lawsuit currently is pending against AKN Holdings.  AKN

Holdings retained the law firm of Alston & Bird LLP (and previously DLA Piper LLP) to defend AKN Holdings against the *FINSA* Lawsuit.  To date, AKN Holdings has incurred over $1.2 million in defense fees and costs to defend the *FINSA* Lawsuit, well in excess of the jurisdictional amount of this Court.

### GAIC's Wrongful Denial Of Coverage For The *FINSA* Lawsuit

17.     After being served with the *FINSA* Lawsuit, AKN Holdings timely provided notice of the lawsuit to GAIC, and GAIC summarily denied coverage on July 24, 2017.

18.     In its July 24, 2017 denial letter, GAIC acknowledged that the *FINSA* Lawsuit constitutes a **Claim** for a **Wrongful Act**, in that the *FINSA* Lawsuit is a civil proceeding alleging that AKN Holdings engaged in wrongful conduct towards the FINSA plaintiffs.  GAIC also acknowledged that the *FINSA* Lawsuit triggered coverage under Insuring Agreement B(2), which provides coverage for AKN Holdings, an "**Insured Organization**," under the GAIC Policy.

19.     Despite acknowledging that the *FINSA* Lawsuit triggered coverage under the GAIC Policy, GAIC summarily denied coverage for the *FINSA* Lawsuit. GAIC's sole basis for denying coverage was its contention that Exclusion J precluded coverage because GAIC falsely claimed that the *FINSA* Lawsuit appears to be based upon, arising from, and/or related to an actual or alleged breach of written contract or agreement.  Attached hereto as Exhibit B is a true and correct copy of GAIC's July 24, 2017 letter denying coverage for the *FINSA* Lawsuit.

20.     On September 18, 2017, AKN Holdings responded to GAIC's coverage denial and explained that based on the FINSA plaintiffs' allegations, the crux of the *FINSA* Lawsuit is an action for fraud and not breach of contract.  In fact, as AKN Holdings explained, AKN Holdings was not even a party to any of the agreements complained about in the *FINSA* Lawsuit and, therefore, the contract exclusion could not apply.  The breach of contract allegations are incidental to the misrepresentation claims, which are based on alleged conduct that took place before any of the

complained about agreements were entered into by the FINSA plaintiffs and AKN Holdings' co-defendants.

21.     FINSA's First Amended Complaint confirms AKN Holdings' position that the *FINSA* Lawsuit is not about breach of contract claims but instead, involves general allegations of alleged misrepresentations and omission, or covered **Wrongful Acts** under the GAIC Policy.  Specifically, because the *FINSA* Lawsuit is not about AKN Holdings' alleged breach of a contract to which it is not even a party, the FINSA plaintiffs were forced to drop the breach of contract causes of action and the First Amended Complaint only alleges two fraud causes of actions: (1) Fraudulent Representations, and (2) Fraudulent Concealment.

22.     The FINSA plaintiffs' claims involve fraud allegations beyond just one allegedly failed contract, to which AKN Holdings was not even a party.  Thus, as AKN Holdings explained, and as supported by the *FINSA* Lawsuit allegations, the breach of contract Exclusion J does not preclude coverage for defense fees and costs incurred by AKN Holdings to defend the *FINSA* Lawsuit.

23.     In addition, as AKN Holdings discussed in its response letter, Exclusion J provides an exception that states that the breach of contract exclusion "shall not apply to," among other items, "liability for **Loss** which would have attached even in the absence of such contract or agreement."  AKN Holdings explained that even assuming Exclusion J was relevant, this exception clearly applies as the First Amended Complaint is replete with broad allegations of potential liability that would exist in the absence of any contract or agreement.  AKN Holdings also noted that it has incurred defense fees and costs well in excess of the retention for this **Claim**. Attached hereto as Exhibit C is a true and correct copy of AKN Holdings' January 15, 2021 letter responding to GAIC's denial of coverage.

24.     In response to AKN Holdings' January 15, 2021 letter, on February 12, 2021, GAIC again denied coverage for the *FINSA* Lawsuit on the same basis that Exclusion J (the breach of contract exclusion) precluded coverage.  GAIC relied on

two decisions, *Spa De Soleil, Inc. v. Gen. Star Indemn. Co.*, 787 F. Supp. 2d 1091 (C.D. Cal. 2011) and *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819 (2006), to deny coverage even though neither decision applies to the facts of the *FINSA* Lawsuit or the actual language of the GAIC Policy.  GAIC further contended that it was not the underwriting intent of the GAIC Policy to provide coverage for transactional risk undertaken by AKN Holdings.  GAIC took the position that the proper policy to cover such risks was a "representations and warranties insurance" even though GAIC knew that such insurance would not cover the *FINSA* Lawsuit as GAIC knew that AKN Holdings is not a party to the transactional agreements at issue in the *FINSA* Lawsuit.  GAIC continued to ignore the broad fraud-based allegations of the *FINSA* Lawsuit to deny defense coverage even though the misrepresentation allegations triggered GAIC's contractual obligation.  Attached hereto as Exhibit D is a true and correct copy of GAIC's February 12, 2021 (incorrectly dated as 2020) letter denying coverage for the *FINSA* Lawsuit.

25.    Because GAIC denied any responsibility under the GAIC Policy for the *FINSA* Lawsuit, AKN Holdings retained, and paid the fees of, its own counsel at Alston & Bird (and previously at DLA Piper) and is currently defending the *FINSA* Lawsuit, on its own, and without the assistance or support of GAIC.

26.    On January 15, 2021, AKN Holdings notified GAIC that AKN Holdings had incurred defense fees and costs well in excess of the $250,000 retention under the GAIC Policy.  AKN Holdings again requested GAIC to honor its policy obligation and agree to reimburse AKN Holdings' "**Costs of Defense**" as required under the GAIC Policy.

27.    By refusing to honor its contractual obligation to defend or pay AKN Holdings' defense fees and costs in the *FINSA* Lawsuit, GAIC breached the GAIC Policy.

28.    AKN Holdings has incurred, and continues to incur, significant defense fees and costs as a result of GAIC's failure to defend and to reimburse defense costs.

1

2 **COUNT I**

3 **(Declaratory Relief)**

4   29.   GAIC incorporates herein by reference paragraphs 1 through 28 of this

5 Complaint as fully set forth herein.

6   30.   The insuring provisions of the GAIC Policy obligate GAIC to pay **Loss**,

7 including the **Costs of Defense**, in excess of the retention that AKN Holdings

8 incurred, and continues to incur, to defend the underlying *FINSA* Lawsuit.

9   31.   AKN Holdings complied with all applicable conditions precedent

10 contained in the GAIC Policy related to GAIC's defense obligation.  None of the

11 exclusions, conditions or limitations contained in the GAIC Policy operate to

12 preclude GAIC's defense obligation.

13   32.   Despite acknowledging that the allegations in the *FINSA* Lawsuit

14 triggered the GAIC Policy, GAIC summarily has refused to pay **Loss**, including the

15 **Costs of Defense**, in excess of the retention.  Therefore, an actual and justiciable

16 controversy exists between AKN Holdings and GAIC concerning the matters alleged.

17   33.   AKN Holdings seeks a judicial declaration that it has a right to

18 reimbursement of its defense costs in excess of the retention under the GAIC Policy

19 and that GAIC has an obligation to pay defense fees and costs to defend the

20 underlying *FINSA* Lawsuit.  A declaration is necessary at this time in order that the

21 parties' dispute may be resolved and that the parties may be aware of their respective

22 rights and duties.

23 **COUNT II**

24 **(Breach of Contract)**

25   34.   AKN Holdings incorporates herein by reference paragraphs 1 through 33

26 of this Complaint as fully set forth herein.

27   35.   GAIC had an obligation under the GAIC Policy to pay **Loss**, including

28 the defense costs incurred by AKN Holdings in excess of the $250,000 retention

because the allegations of the *FINSA* Lawsuit triggered Insuring Agreement B(2) under the GAIC Policy.

36.     AKN Holdings complied with all applicable conditions precedent contained in the GAIC Policy.  Additionally, none of the exclusions, conditions or limitations contained in the GAIC Policy operates to preclude GAIC's defense obligation.

37.     By refusing to honor its obligation to pay AKN Holdings' costs of defense in connection with the *FINSA* Lawsuit, GAIC materially breached its obligation under the GAIC Policy.

38.     As a direct and proximate result of GAIC's breach, GAIC has deprived AKN Holdings of the benefit of the insurance for which AKN Holdings has paid premiums to GAIC, and has caused AKN Holdings to incur significant legal defense fees and expenses in an amount exceeding the jurisdictional limit of this Court.

39.     AKN Holdings has been damaged in an amount to be proven at trial, which consists of unreimbursed defense costs associated with the *FINSA* Lawsuit, plus interest and other appropriate damages.

## COUNT III

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

40.     AKN Holdings incorporates herein by reference paragraphs 1 through 39 of this Complaint as fully set forth herein.

41.     The GAIC Policy contains an implied covenant, unwritten but implied by operation of law, that imposes upon GAIC an obligation to act in good faith and to deal fairly with AKN Holdings in all matters material to the GAIC Policy, and to give at least the same level of consideration to AKN Holdings' interests as it gives to its own interests.

42.     GAIC has unreasonably and without basis summarily denied any coverage for the *FINSA* Lawsuit despite acknowledging that the allegations of the *FINSA* Lawsuit trigged Insuring Agreement B(2) of the GAIC Policy.  GAIC has

expressly denied coverage for AKN Holdings' insurance claim, in conscious and complete disregard of AKN Holdings' rights, applicable law, the language of the GAIC Policy, insurance industry custom and practice, the parties' course of dealings, and the facts.

43.     GAIC's continued and repeated refusal to honor its coverage obligations to AKN Holdings is unreasonable, violates AKN Holdings' reasonable expectations of coverage, constitutes a gross and conscious disregard for AKN Holdings' interests, and placed its own interests above those of AKN Holdings.

44.     GAIC knew its conduct was unreasonable, or acted in reckless disregard of the fact that its conduct was unreasonable.

45.     In breach of the implied covenant of good faith and fair dealing, GAIC committed some or all of the acts alleged above for the purpose of consciously withholding from AKN Holdings the rights and benefits to which it is entitled under the GAIC Policy.  Such bad faith conduct was committed, authorized, or ratified by an officer, director, or managing agent of GAIC.

46.     GAIC has breached its obligations under the GAIC Policy in conscious disregard of AKN Holdings' rights, constituting oppression, fraud, or malice.  GAIC has engaged in a series of acts designed to deny wrongfully the benefits due under the GAIC Policy.  GAIC acted with the requisite intent to injure within the meaning of California Civil Code section 3294.  AKN Holdings is entitled to recover punitive damages from GAIC in an amount sufficient to punish and deter similar conduct.

47.     As a direct, proximate, and foreseeable result of GAIC's tortious conduct and conscious disregard for AKN Holdings' rights, AKN Holdings has sustained damages, including without limitation, incidental and consequential damages flowing from GAIC's bad faith denials, attorneys' fees incurred by AKN Holdings pursuing coverage in light of GAIC's wrongful denial of coverage, pre-judgment interest, punitive damages, and such other relief as the Court deems appropriate.

48.     Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), AKN Holdings is entitled to recover its reasonable attorneys' fees incurred in its efforts to obtain the benefits of the coverage that GAIC has wrongfully withheld, and continues to withhold, in bad faith, plus interest.  The total amount of these attorneys' fees is currently unknown.  When the precise amount of AKN Holdings' damage is known, AKN Holdings will assert those damages accordingly.

49.     AKN Holdings is further entitled to recover from GAIC damages sustained by reason of GAIC's tortious conduct, including consequential and punitive damages, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, AKN Holdings respectfully seeks the following relief:

A.     For a declaration that AKN Holdings' contentions as set forth above are correct, including without limitation that the *FINSA* Lawsuit is covered under the GAIC Policy and that GAIC has an obligation to reimburse AKN Holdings' costs of defense;

B.     That the Court enter judgment in favor of AKN Holdings on all Counts;

C.     On AKN Holdings' Count II, an award of damages in AKN Holdings' favor in an amount to be determined at trial;

D.     On AKN Holdings' Count III, extra-contractual damages, including without limitation compensatory damages flowing from GAIC's bad faith denials, attorneys' fees incurred by AKN Holdings to pursue coverage in light of GAIC's wrongful denial of coverage, pre-judgment interest, punitive damages, and such other relief as the Court deems appropriate;

E.     On all Counts, an award of AKN Holdings' reasonable attorneys' fees, pre-judgment and post-judgment interest, costs and the expenses of this action; and

F.     On all Counts, for such other and further relief as this Court deems just

and proper.

DATED:  March 11, 2021                 JASSY VICK CAROLAN LLP


                                        By:   /s/William T. Um
                                              William T. Um
                                              Attorneys for Plaintiff
                                              AKN HOLDINGS, LLC


**REQUEST FOR TRIAL BY JURY**

AKN Holdings hereby requests that this case be tried to a jury.

DATED:  March 11, 2021                 JASSY VICK CAROLAN LLP


                                        By:   /s/William T. Um
                                              William T. Um
                                              Attorneys for Plaintiff
                                              AKN HOLDINGS, LLC